**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PAIGE KUNZER** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. :** 2:18-cv-205-KS-MTP

**JEFFREY TOLLIVER** **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW**, Plaintiff, Paige Kunzer (hereinafter referred to as "Kunzer") by and through counsel and files this, her *Complaint* against Defendant Jeffrey Tolliver (hereinafter referred to as "Tolliver"), and for its causes of action would show unto the Court the following:

**PARTIES**

1. Plaintiff, Paige Kunzer is an adult resident citizen of Forrest County, Mississippi.

2. Defendant, Jeffrey Tolliver, is an adult resident citizen of Louisiana and may be served process at 6 Geri Court, Jefferson Parish, Louisiana 70121.

**JURISDICTION AND VENUE**

3. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

4. Additionally, venue is proper in this Court.

**BACKGROUND**

5. Earlier this year, Kunzer was searching for a new home in Hattiesburg, Mississippi. Kunzer was shown a house by her personal realtor located at 901 North 31st Avenue, Hattiesburg, Mississippi 39401 ("hereinafter referred to as "the Home").

6. After viewing the Home, reviewing the applicable seller disclosures, and securing the necessary financing, Kunzer decided to make an offer on the Home.

7. The Home was owned by Tolliver. Notably, pursuant to the Seller's Property Condition Disclosure Statement[1], Tolliver did not disclose that the Home had ever been damaged by water or flood.

Instead, the following disclosures and representations were made by Tolliver:

10. Are you aware, **FOR ANY REASON,** in the past or present of water penetration problems in the walls, windows, doors, crawl space, basement or attic? Yes _____ No ✓ . If "YES", please describe, to your knowledge, the nature of the problem and what steps were taken to remedy the problem ______________________________.

11. **FOR ANY REASON,** past or present, has any portion of the interior of the Property ever suffered water damage or moisture related damage which was caused by flooding, lot drainage, moisture seepage, condensation, sewer overflow, sewer backup, leaking or broken water pipes (during or after construction) pipe fittings, plumbing fixtures, leaking appliances, fixtures or equipment? Yes ☐ No ☑ . If "YES", please describe, to your knowledge, the nature of the problems and what steps were taken to remedy the problems ______________________________.

12. Are you aware, **FOR ANY REASON,** of any leaks, back-ups, or other problems relating to any of the plumbing, water, sewage, or related items during your ownership? Yes ☐ No ☑ . If "YES", please describe, to your best knowledge, the problem you experienced and how it as mitigated ______________________________.

8. Moreover, Tolliver expressly failed to disclose that the Home had ever been modified, altered, or remodeled[2]:

**7. Except for "Cosmetic Upgrades" (carpet, paint, wallpaper, etc) have you remodeled, made any room additions, made structural modifications or other alterations or improvements to the Property? If "YES", please describe, to your knowledge, the nature of all such remodels/alterations** ______________________________

[1]**Exhibit 1** - Property Condition Disclosure Statement

[2]**Exhibit 1** - Property Condition Disclosure Statement

2. Are you aware of any past or present problems, malfunctions or defects with the windows (including storm windows and screens), the flooring (hardwood, marble, stone, tile or carpeting), fireplace/chimneys, ceilings, walls (interior), jetted bathtub, hot tub, sauna, skylights, shower or wet bar; including any modifications to them? Yes ☐ No ☒. If "YES", please describe, to your knowledge, the nature of any such problem: for example, the skylight leaked or the motor which operates the jetted bathtub had to be replaced, etc. ______.

4. Are you aware of any problems or conditions that affect the desirability or functionality of the Heating, Cooling, Electrical, Plumbing, or Mechanical Systems? Yes ☐ No ☒. If "YES", please described, to your best knowledge, all known problems in complete detail ______.

9. In reliance on the representation by Tolliver in the Seller's Property Condition Disclosure Statement, Kunzer ultimately purchased the Home for $133,000.00[3].

10. However, shortly after moving into the Home, Kunzer's home insurer sent her a notice that the Home had failed the underwriting inspection because of a large loss in 2017[4].

11. Indeed, only a year earlier, s a $30,000.00+ water loss was filed by Mr. Tolliver. In fact, the entire home had been flooded and a significant repair and remodel was performed.[5]

12. Moreover, the individual who supposedly performed the repairs reached out to Kunzer and informed her he had done a completely remodel on the damaged home and hat the damage had been caused due to flood resulting from leaking pipes and plumbing issues.[6]

13. Kunzer would not have purchased the Home if she was aware of this withheld information.

14. As a result of the sale of the Home, Tolliver paid off his Well Fargo Home Mortgage Loan

---

[3]**Exhibit 2** - Closing documents

[4]**Exhibit 3** - Homeowner's policy cancellation

[5]**Exhibit 4** - Photos

[6]**Exhibit 5** - Card/Note

on the Home for $60,795.21 and retained the remaining $60,717.30 after closing costs[7].

15. At no time did Tolliver provide any disclosures or information to Kunzer regarding the flood, the water damage, or the remodel of the Home as a result of the flood.

16. Kunzer was unaware until after moving into the Home of Tolliver's wrongful conduct as alleged herein and could not have at any time earlier discovered Tolliver's wrongful conduct, which included Tolliver's affirmative and fraudulent concealment.

17. Tolliver's conduct constitutes negligence, breach of contract, breach of implied covenants of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment.

18. After discovery of the flood damage, Kunzer's insurance company, Coastal American Insurance Company, cancelled Kunzer's homeowner's insurance policy.[8] Through Coastal American, Kunzer was paying for insurance on the Home at the rate of $1,508.00 annually.

19. Because of the insurance cancelling flood damage, Kunzer has received a quote in excess of $4,000.00 per year for Home Owners Insurance.[9]

20. The terms of Kunzer's thirty (30) year mortgage require her to have home owners' insurance at all times.

21. Additionally, Kunzer has learned that the individual who did the remodel was unlicensed and she must have the electrical wiring, plumbing, and floors inspected by a properly licensed professional.

[7] **Exhibit 6** - Closing Disclosure Form Addendum

[8] **Exhibit 3** - Homeowner's policy cancellation

[9] **Exhibit 7** - State Farm Quote

## COUNT ONE - FRAUDULENT MISREPRESENTATION

21. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

22. On or about August 31, 2018, Defendant Tolliver fraudulently represented to Plaintiff that the home located at 901 North 31st Avenue, Hattiesburg, Mississippi 39401, had never sustained water damage.

23. Defendant made the above described and the following false, misleading and deceptive representations to Plaintiff and/or admitted to state material facts in connection with the condition of the Home and flood damage, in the following respects:

(a) At the time Defendant Tolliver prepared the Home for sale, he had actual knowledge or should have had actual knowledge that there was historical flood damage and water damage to the Home;

(b) Defendant Tolliver failed to advise or disclose Plaintiff of extensive repairs that had been constructed on the Home as recently as 2017 for flood damage and water damage;

(c) Defendant Tolliver fraudulently stated and/or failed to disclose that the Property had previous flood damage and water damage and that the Home had been heavily remodeled after said flood damage and water damage;

(d) Defendant misled Plaintiff by telling her that the Home was in good condition and omitting information regarding flood damage and water damage done to the Home the previous year, and failed to acknowledge subsequent repairs for which the Defendant had actual knowledge of conditions and evidence contrary to those representations to Plaintiff; and

(e) Defendant failed to disclose the other facts set out in the background facts section of the Complaint.

24. The fraudulent misrepresentations, omissions and concealment by Defendant were known and deliberate and were purposely designed to deceive Plaintiff into believing that Defendant certified that the Home had not suffered flood damage and water damage. At the time Defendant made the above representations and/or omissions, Defendant knew or should have known that they were false, because he had remodeled the Home due to the previous flood damage and water damage and made a substantial insurance claim.

25. These representations and/or omissions were made by Defendant with the intent to induce Plaintiff to act in the manner reasonably contemplated in purchasing the Home.

26. Plaintiff, at the time Defendant made the above misrepresentations and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's misrepresentations and believed them to be true and Plaintiff was ignorant of the omissions of current state of the Home. Plaintiff reasonably believed the Defendant had accurately and adequately disclosed all material facts and acted in Plaintiff's best interests with respect to the condition of the Home.

27. In reliance on these representations, Plaintiff was induced into and did purchase the property from homeowner Jeffrey Tolliver. Had Plaintiff known the actual facts, she would not have purchased the Home. Plaintiff's reliance on Defendant Tolliver's representations was justified because Defendant knew or should have known of facts material to the transaction due to the Defendant's past work performed on the home. Likewise, Plaintiff's reliance on Defendant Tolliver's representation and omissions was justified because Defendant Tolliver knew or should have known of facts material to the transaction due to the Defendant's ownership of the Home, involvement in selling of the Home, and past work repairs performed on the Home.

28. As a direct and proximate result of Defendant's fraudulent misrepresentations, concealment and omissions, Plaintiff has been proximately damaged and sustained financial damages and

suffered emotional distress.

29. Defendant's fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of punitive damages against Defendant.

**COUNT TWO - NEGLIGENT MISREPRESENTATION AND/OR OMISSION**

30. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

31. Defendant negligently stated or negligently failed to advise the Plaintiff as to what the condition of the Property was on August 31, 2018 at closing, which included actual knowledge of flood damage and water damage in 2017.

32. Defendant Tolliver negligently stated or negligently failed to tell Plaintiff of the previous repairs for flood damage and water damage which were completed by the time the Plaintiff was shown the property.

33. On or about August 31, 2018, Defendant Tolliver negligently represented to Plaintiff that the home located at 901 North 31st Avenue, Hattiesburg, Mississippi 39401 was free of flood damage and water damage and had not been remodeled.

34. At the time Defendant made the above representations and/or omissions, Defendant knew or reasonably should have known that they were false, because he had remodeled the Home for flood damage and water damage and submitted a large insurance claim.

35. The representations and/or omissions made by Defendant were false and were negligently or recklessly made and/or omitted by Defendant without regard for their truth or falsity.

36. Defendant made these representations and/or omissions to Plaintiff intending she rely upon such representations and/or omissions.

37. Plaintiff, at the time Defendant made the above misrepresentations, was ignorant of the falsity of Defendant's misrepresentations and believed them to be true. Therefore, Plaintiff had the

right to rely upon, and did reasonably rely upon the representations and/or omissions.

38. The negligent representations and/or omissions were material in that they induced Plaintiff to purchase the Home with belief that it had not suffered from flood damage and water damage.

39. As a direct and proximate result of Defendant's negligent misrepresentations and/or omissions, Plaintiff has incurred actual and compensatory damages in an amount to be proven at trial, as well as suffered emotional distress.

40. Defendant's negligent misrepresentations and/or omissions were reckless and were made with complete disregard for the benefit of Plaintiff, thereby entitling Plaintiff to the recovery of punitive damages against Defendant, including attorney fees.

## COUNT THREE - BREACH OF CONTRACT

41. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

42. The actions and inactions of Defendant Tolliver, as described above, constitute a breach of contract.

43. Defendant Tolliver by and through his actions and inactions has breached his duty of fair dealing and good faith owed to Plaintiff due to the failure to perform according to the terms of their agreements, both written and oral.

44. Defendant Tolliver made numerous written and oral representations to the Plaintiff that the Home had not suffered flood damage or related repairs for past flood damage to the Home.

45. Defendant Tolliver has not only breached his contractual agreement with the Plaintiff, but Tolliver is guilty of willful/tortious breach of contract, defined as a breach so wrongful, egregious, without legal justification and in bad faith that it entitles the Plaintiffs to extra-contractual and punitive damages.

46. In the alternative, and in the event that the agreement entered into between Plaintiff and

Defendant Tolliver is not a valid and enforceable contract, then Tolliver, as set forth herein, fraudulently and/or negligently misrepresented to Plaintiff that the agreement was a valid and enforceable contract and, as a consequence, Tolliver caused substantial damage to Plaintiff.

47. As a direct and proximate result of the breach of contract and/or fraudulent and/or negligent misrepresentation, the Plaintiff have been caused to suffer damages which are to be hereinafter set out with more particularity.

**COUNT FOUR - BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING**

48. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

49. In every contract, there are implied covenants of good faith and fair dealing. These implied covenants prevent one party from exercising judgment in such manner as to evade the spirit of the transaction or to deny the other party the expected benefits of te contract.

50. When Plaintiff entered into a contract with Defendant Tolliver to purchase the Home, she reasonably believed that the Home did not have past flood damage or related repairs for past flood damage to the Home.

51. However, Defendant Tolliver breached the implied covenants of good faith and fair dealing by evading the spirit of the transaction by not disclosing the past flood damage and related repairs for past flood damage to the Home.

52. Moreover, by engaging in the misleading and deceptive practices described herein, including intentionally failing to disclose known facts of flood damage and repairs resulting from same, Defendant Tolliver has successfully taken advantage of Plaintiff's lack of knowledge and sophistication regarding the entire transaction.

53. As a direct result of Defendant's breach of the implied covenants of good faith and fair

dealing, Plaintiff has been damaged in an amount to be proven at the trial.

54. Defendant's misleading and deceptive practices thereby entitle the Plaintiff to the recovery of punitive damages.

**COUNT FIVE - UNJUST ENRICHMENT**

55. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

56. At all times hereto, Defendant Tolliver has intentionally, negligently and/or wantonly retained money from his sale of the Home and had unjustly enriched himself at the expense of the Plaintiff.

**COUNT SIX - NEGLIGENCE**

57. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

58. Defendant Tolliver owed a duty to Plaintiff to exercise reasonable care in disclosing information regarding the flood damage and required repairs on the Home.

59. Defendant Tolliver breached his duty of reasonable care to Plaintiff by the following acts and/or omissions:

(a) Failing to utilize reasonable care imposed upon the owner of a home that is on the market for sale.

(b) Failing to disclose visible evidence of the flood damage and water damage the previous year;

(c) Failing to furnish to provide details of past flood damage and repair work on the Home relating to flood damage and water damage;

(d) Fraudulently stating and/or failing to disclose prior flood damage and water damage history and failure of previous repair work on the Home relating to flood damage and water damage; and

(f) Engaging in other alleged wrongs and misconduct as set out in the Complaint.

**COUNT SEVEN - RESCISSION**

60. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

61. Because of Tolliver's fraudulent misrepresentations, the contract for purchase of the Home should be rescinded.

**COUNT EIGHT - CONSTRUCTIVE TRUST**

62. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

63. Plaintiff requests that this Honorable Court require Tolliver to place this $60,717.30 in a constructive trust with the Court.

64. In equity, the Defendant's wrongful and improper actions are such that a constructive trust should be imposed on all funds generated as a result of the improper conduct of the Defendant.

**COUNT NINE - PRELIMINARY INJUNCTION**

65. Plaintiff adopts and re-alleges all prior paragraphs of the Complaint as if set out here in full.

66. Plaintiff requests a preliminary injunction to freeze the funds Defendant Tolliver wrongfully gained through the sale of the Home.

67. Based upon the facts alleged in this matter, Plaintiff has a substantial likelihood of success on the merits.

68. Further, if Plaintiff's request for preliminary injunction is denied, there is a substantial threat of irreparable injury to Plaintiff because the dissipation of the assets that are subject of this

suit would impair the Court's ability to grant an effective remedy.[10]

69. Plaintiff's threatened injury far outweighs any harm that will result if the preliminary injunction is granted.

70. Moreover, granting Plaintiff's preliminary injunction will not disserve the public interest.

**CONCLUSION**

71. As a direct and proximate result of the Defendant's breaches of his duties to the Plaintiff as delineated in all counts above, the Plaintiff sustained financial damages, but not limited to, diminished value of the Home, increased insurance premiums, inspection fees, construction costs, and diminution of quality and enjoyment of life including, but not limited to, mental anguish, fear, and severe emotional distress associated with damages to the home in an amount in excess of $250,000.00.

72. In breaching his duties to the Plaintiff, as described above, the Defendant has acted intentionally, with gross negligence, recklessly, maliciously or wantonly in the Defendant knew or should have known through data available to them that their aforesaid breaches of duty would result in the complained of injuries and damages to the Plaintiff, thus entitling the Plaintiff to recover punitive or exemplary damages for the Defendant's outrageous conduct as set forth herein.

73. Kunzer is entitled to a rescission of the contract and the $60,717.30 retained by Tolliver's fraudulent misrepresentation to fraudulently induce Kunzer to purchase the Home. Kunzer requests that this Honorable Court require Tolliver to place this $60,717.30 in a constructive trust with the Court.

---

[10]See e.g. *Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011)(affirming the district court's decision to freeze defendant's funds because the dissipation of the assets that are the subject of this suit ... would impair the Court's ability to grant an effective remedy, particularly because much of the relief the Receiver seeks under TUFTA is equitable in nature and involves the assets that are ... frozen.)

74. Kunzer is entitled to damages for the difference in Homeowners insurance premiums she will now have to pay for the term of her mortgage in excess of the pre-said damages which are in the amount of$76,620.00.

WHEREFORE, Plaintiff herein demands judgment against the Defendant for compensatory and punitive damages, costs, and pre and post judgment interest, attorney's fees, and all other damages to which they are legally entitled, in an amount to be determined at trial.

Respectfully submitted this the 30th day of November, 2018.

**PAIGE KUNZER, Plaintiff**

*/s/ P. Manion Anderson*
P. MANION ANDERSON, MSB#104250

P. Manion Anderson, MSB# 104250
Nicholas A. Puckett, MSB#105599
McHard, McHard, Anderson & Associates, LLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
T: (601) 450-1715
F: (601) 450-1719
Em: manderson@mchardlaw.com
npuckett@mchardlaw.com